**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,
425 Third Street SW, Suite 800
Washington, DC 20024,

Plaintiff,

v.

NATIONAL TRANSPORTATION SAFETY BOARD,
c/o William T. McMurry, Jr., General Counsel
490 L'Enfant Plaza SW
Washington, DC 20594,

Defendant.

Civil Action No.:

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant National Transportation Safety Board to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant National Transportation Safety Board ("NTSB") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 490 L'Enfant Plaza SW, Washington, DC 20594.

## STATEMENT OF FACTS

5. On March 26, 2026, Plaintiff sent a FOIA request to the NTSB seeking access to public records about the NTSB's investigation of the July 17, 1996 explosion and crash of TWA Flight 800 near East Moriches, New York, killing all 230 persons aboard. Plaintiff submitted the request as part of an investigation commemorating the 30th anniversary of the air disaster. A true and correct copy of the request is attached as Exhibit A.

6. The NTSB acknowledged receipt of the request the same day it was submitted, March 26, 2026. The NTSB's acknowledgment advised Plaintiff that the request had been assigned Request Number FOIA-2026-00326.

7. Plaintiff has received no further communication from the NTSB regarding the request.

8. As of the date of this Complaint, the NTSB has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determinations or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate the requested records are exempt from production.

## COUNT I
## (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to issue a final determination on Plaintiff's request by April 23, 2026. Because Defendant failed to issue a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 15, 2026

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: porfanedes@judicialwatch.org

*Attorneys for Plaintiff*